## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEMOS WATKINS, | : | Civil No. 1:26-CV-00138 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN OF FCI-LEWISBURG, | : | |
| | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is a petition for writ of habeas corpus filed by Demos Watkins ("Petitioner"), an inmate currently housed at the Federal Correctional Institution Lewisburg ("FCI-Lewisburg"). (Doc. 1.) Specifically, Petitioner alleges that the Bureau of Prisons ("BOP") should apply his earned time credits under the First Step Act ("FSA") in excess of 365 days towards placement in home confinement. (*Id.*) The court finds that Petitioner's claims under the FSA are not cognizable under Section 2241. Therefore, the court will dismiss the petition.

### BACKGROUND

Petitioner initiated this action by filing a petition for writ of habeas corpus that the court received and docketed on January 21, 2026. (Doc. 1.) Petitioner provides documentation that shows he was granted the full 365 days of early release from earned time credits under the FSA. (Doc. 1-1.) However, it appears that he has earned time credits in excess of the 365-days, totaling 1981 days with

1

595 days available to apply to towards prerelease placement such has a residential reentry center ("RRC") or home confinement.  (*Id*.)  Plaintiff filed the petition seeking application of these 595 days of excess credit under the FSA.  (Doc. 1.)  Plaintiff states that the BOP is "refusing to apply Petitioner's earned credits to effectuate home confinement placement," but also states he has not filed any administrative remedy process, such as a BP-8 form, requesting the credits be applied.  (*Id*., p. 5.)[1]  He alleges that he is not required to exhaust his administrative remedies because he is currently eligible for placement in home confinement and any administrative process would take too long.  (*Id*., p. 6.)

Petitioner paid the requisite filing fee with his petition.  (Doc. 3.)  The court will now screen the petition pursuant to Rule 4.

## VENUE

A § 2241 petition must be filed in the district where the petitioner is in custody.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the person who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.")  Petitioner is being held at FCI-Lewisburg in Union County, Pennsylvania, which is in this district.  *See* 28 U.S.C. § 118(b).  Therefore, this court is the proper venue for the action.

---

[1] For ease of reference, the court use the page numbers from the CM/ECF header.

**STANDARD**

This matter is before the court for screening pursuant to 28 U.S.C. § 2243. The § 2241 petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (applicable to § 2241 petitions under Rule 1(b)).  Rule 4 may be applied at the discretion of the district court as it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.  *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970).

**DISCUSSION**

The court initially recognizes that Petitioner has not exhausted his administrative remedies, nor even made a request of the BOP to apply his FSA time credits.  However, without making a finding of whether or not exhaustion is excused in this case, the court finds that the petition is not cognizable under Section 2241.

In his habeas petition, Petitioner argues that the BOP has failed to release him to pre-release custody that he alleges is mandatory under the FSA.  (Doc. 1.) The question Petitioner presents concerning the application of FSA earned time credits in excess of 365 days has been debated among federal courts.  The question is whether it is mandatory or discretionary for the BOP to apply credits accrued

3

under the FSA in excess of the 365-day early release period and applicable to early pre-release custody.

The FSA allows eligible inmates who successfully complete evidence-based recidivism reduction programs or productive activities to receive time credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A), (C). An inmate can earn ten (10) days of credit for every thirty (30) days of successful participation. *See id*. § 3632(d)(4)(A)(i). Furthermore, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) additional days of time credit for every thirty (30) days of successful participation, for a total of fifteen (15) days' time credit per thirty (30) days' successful participation. *See id*. § 3632(d)(4)(A)(ii).

If time credits under the FSA are properly earned by an eligible inmate, application of those time credits to a prisoner's sentence is governed by 18 U.S.C. § 3624(g). Section 3632(d)(4)(E)(i) provides "[a] prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws[.]" However, there are individuals, such as petitioner, who are subject to an immigration detainer that is not a final order of removal. Therefore, Petitioner is still considered eligible for the application of his FSA credits.

The FSA further states "the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under section 3632." 18 U.S.C. § 3624(g)(3). "Thus, the time credits may be used to transfer a prisoner into prerelease custody earlier than he otherwise would be and to release the prisoner to supervised release up to 12 months earlier than he would be." *Malik v. Warden Loretto FCI*, No. 23-2281, 2024 WL 3649570, at *1 (3d Cir. Aug. 5, 2024).

There is currently a split among district courts as to whether earned time credits in excess of the maximum 365 days is statutorily required to be applied towards time in prerelease custody, or if the application of credits to prerelease custody is in the sole discretion of the BOP.

A number of courts have interpreted § 3632(d)(4)(C) to mandate that *all* earned time credits must be applied *either* toward early supervised release *or* toward pre-release custody because there is no statutory cap on time credits applied toward pre-release custody. *See Mohammed v. Engleman*, No. 2:25-CV-01011-MWC-MBK, 2025 WL 1909836, at *13 (C.D. Cal. July 9, 2025), *report and recommendation adopted*, No. 2:25-CV-01011-MWC-MBK, 2025 WL 2294325 (C.D. Cal. Aug. 8, 2025); *see Mateo v. Warden, FCI Danbury*, No. 3:25-CV-00814 (VAB), 2025 WL 2625263, at *8 (D. Conn. Sept. 11, 2025) ("The BOP's decision"

to deny application of time credits in excess of those applied to supervised release "conflicts with the First Step Act's express language: time credits "shall be applied toward time in prerelease custody or supervised release.""); *Williams v. Warden, FCI Berlin*, No. 23-CV-509-LM-AJ, 2025 WL 2207024, at *5 (D.N.H. Aug. 4, 2025) ("Because the [BOP] memoranda purport to cap the application of Williams's time credits and deny him the ability to apply time credits toward placement in prerelease custody on the basis of an ineligibility criterion that does not appear in the FSA, the memoranda violate the FSA.")

In contrast, other courts have found that the application of excess earned time credits to placement in pre-release custody is in the discretion of the BOP. *See*, *e.g.*, *Akinmadeyemi v. Warden Thompson, FCI Fort Dix*, No. 27-7003, 2025 WL 2857084, at *2 (D.N.J. Oct. 9, 2025) (finding that the sole discretion of where an inmate is housed is held with BOP) *citing Tapia v. United States*, 564 U.S. 319, 331 (2011) and *Pisman v. Warden, Allenwood FCI Low*, No. 23-2048, 2023 WL 6618238, at *1 (3d Cir. Oct. 11, 2023) ("pre-release placement decisions are committed to the BOP's sole discretion").

Other courts have taken a third approach and held that the application of excess credits under the FSA is not cognizable under Section 2241. *See*, *e.g.*, *Balsam v. Warden, Coleman – Low*, No. 5:24-cv-360-SPC-PRL, 2025 WL 2687234 (M.D. Fl. Sep. 19, 2025) (finding that such claims concern the conditions

6

of his confinement and not the execution of his sentence and is not redressable

through a habeas proceeding).

This district, too, has differing decisions on the issue of whether the claim is

cognizable under Section 2241. In *Miles v. Arviza*, District Judge Julia Munley

explained:

> The core of habeas corpus primarily involves a challenge to the fact or duration of confinement. *See Preiser v. Rodriquez*, 411 U.S. 475, 487-88, 500 (1973). In *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that—in addition to the fact or duration of confinement—a prisoner may also challenge the "execution" of their sentence via a petition under 28 U.S.C. § 2241. *See id.* at 241-44. In *Woodall*, the petitioner asserted a challenge to BOP regulations that affected whether he served a portion of his sentence in a federal penal institution or in a "Community Corrections Center" (CCC). *See id.* at 237.
>
> The Third Circuit agreed with the Second, Sixth, Ninth, and Tenth Circuits and held that habeas jurisdiction lies for prisoners challenging the "manner of their imprisonment," including the place of confinement, when the differences in custody reflect more than a "simple" or "garden variety" prison transfer. *See Woodall*, 432 F.3d at 242-43. The panel highlighted the significant disparities between carrying out a sentence in a CCC and carrying out a sentence in an ordinary penal institution and concluded that the petitioner's claim was a "proper challenge to the 'execution' of his sentence," and thus "habeas jurisdiction lies." *Id.* at 243-44.
>
> Following *Woodall*, confusion arose as to what exactly "execution of the sentence" meant for a habeas petitioner. Even the *Woodall* panel conceded that the precise meaning of this phrase is "hazy." *Id.* at 242. In *Cardona v. Bledsoe*, 681 F.3d 533 (3d Cir. 2012), the court of appeals endeavored to clarify execution-of-sentence habeas challenges in the Third Circuit. The *Cardona* panel first performed an in-depth review of *Woodall* and *McGee v. Martinez*, 627 F.3d 933 (3d Cir. 2010), precedential decisions that had considered execution-of-

sentence habeas claims and had determined that the claims presented were cognizable under Section 2241. *See Cardona*, 681 F.3d at 536-37.

From these decisions, the *Cardona* panel distilled that the linchpin for habeas jurisdiction for an execution-of-sentence claim was whether the petitioner was challenging the "carrying out" or "putting] into effect" of their sentencing order. *See id.* The reason the petitioners in *Woodall* and *McGee* could seek review of the execution of their sentences under Section 2241, the court of appeals explained, was because their petitions "both challenged BOP conduct that conflicted with express statements in the applicable sentencing judgment." *Id.* at 536. The *Cardona* panel thus held that "[i]n order to challenge the execution of [a] sentence under § 2241, [a petitioner] would need to allege that [the] BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." *Id.* at 537. In that case, the petitioner had not made such an allegation, so the panel found that he was not properly challenging the "execution" of his sentence and therefore the district court had no jurisdiction to consider his Section 2241 petition. *See id.* at 537, 538.

No. 3:24-CV-2252, 2025 WL 981870, *2–3 (M.D. Pa. Apr. 1, 2025).[2] Judge

Munley acknowledged the confusing history on the question in the Third Circuit

and cited *Vasquez v. Strada*:

Most notably, in *Vasquez v. Strada*, 684 F.3d 431 (3d Cir. 2012) (per curiam)—a precedential decision issued just 18 days before *Cardona v. Bledsoe*—the Third Circuit plainly stated that a prisoner "may resort to federal habeas corpus to challenge a decision to limit his RRC placement." *Vasquez*, 684 F.3d at 433 (citing *Woodall*, 432 F.3d at 243-44). In *Vasquez*, the petitioner was not asserting that a BOP action was inconsistent with a command or recommendation in his sentencing judgment; rather, he claimed that the BOP had failed to comply with the federal prisoner reentry initiative with respect to RRC placement and that the BOP had improperly amended 18 U.S.C. § 3621(b) by

---

[2] On the same date District Judge Munley entered a second decision using identical logic. *Goss v. Greene*, No. 3:24-CV-1133, 2025 WL 981864 (M.D. Pa. Apr. 1, 2025).

adding a sixth factor. *See id.* Nevertheless, the court of appeals did not find that the Section 2241 petition must be dismissed for lack of jurisdiction based on the substance of the petitioner's habeas claim. Instead, the panel perfunctorily found the petitioner's prerelease custody claim to be cognizable. *See id.* (citing Woodall, 432 F.3d at 243-44).

*Id.*, at \*3. Judge Munley concluded that under *Cardona*, "execution-of-sentence habeas claims in the Third Circuit are tightly circumscribed," and held that petitions seeking transfer to pre-release custody based on the FSA that do not allege that the BOP's conduct is somehow inconsistent with a command or recommendation in his sentencing judgment fail to meet the stringent jurisdictional standards set forth in *Cardona*. *Id.*, at \*5. Directly following this decision, the Chief District Judge Matthew Brann entered two decisions in line with *Miles*: *Chaffin v. Warden*, No. 4:24-CV-01909, 2025 WL 1042316 (M.D. Pa. Apr. 8, 2025); *McMillian v. Warden*, No. 4:24-CV01730, 2025 WL 1042313 (M.D. Pa. Apr. 8, 2025).

However, a few days later, in *Al Haj v. LCSI-Allenwood Warden*, District Judge Keli Neary held that because *Woodall* and *Vazquez* were earlier precedential holdings of the Third Circuit, *Cardona* could not overrule them because it was a subsequent panel decision of the Third Circuit rather than an *en banc* decision. No. 1:24-CV-1193, 2025 WL 1115751, \*3 (M.D. Pa. Apr. 15, 2025).

Since the decision in *Al Haj*, all the decisions addressing the issue in this district have followed the logic set forth in *Miles*. *Torres-Benitez v. Warden, FPC-*

9

*Schuylkill*, No. 3:25cv1357, 2025 WL 2550864 (M.D. Pa. Sep. 4, 2025); *Barry v. Greene*, No. 3:25cv960, 2025 WL 2983167 (M.D. Pa. Oct. 22, 2025); *Diarra v. Greene*, No. 3:25-CV-0964, 2025 WL 2997031 (M.D. Pa. Oct. 24, 2025); *Rafiq v. Green*, No. 1:25-CR-01409, 2025 WL 3110563 (M.D. Pa. Nov. 6, 2025); *Mier-Garces v. Greene*, No. 1:25-CV-02444, 2026 WL 27185 (M.D. Pa. Jan. 5, 2026).

The undersigned is persuaded by the rationale set forth in the *Miles* decision. The court concludes that *Cardona* "delineate[s] the jurisdictional boundaries of execution-of-sentence claims raised in Section 2241 petitions in this circuit." *Miles*, 2025 WL 981870 at *4.

Applying the jurisdictional instruction in *Cardona*, the court observes that Petitioner does not allege that the BOP's conduct is somehow inconsistent with a command or recommendation in his sentencing judgment. (Docs. 1, 1-1.) Instead, he alleges that the BOP is unlawfully executing his sentence in violation of federal law. (Doc. 1, p. 5.) Therefore, applying *Cardona*'s "rigid" jurisdictional boundaries, Petitioner's habeas challenge is not cognizable. Therefore, his Section 2241 petition must be dismissed for lack of jurisdiction. The court offers no opinion regarding the availability of other potential avenues of review for Petitioner's FSA claim involving pre-release custody, only that it cannot be pursued through a petition under 28 U.S.C. § 2241.

## CONCLUSION

The Section 2241 petition asserts a challenge under the FSA regarding time in pre-release custody but does not allege that the BOP's conduct is somehow inconsistent with a command or recommendation in his judgment of sentence.  As a result, this petition does not meet the jurisdictional requirements set forth in *Cardona*.  Therefore, the court must dismiss the petition.

An appropriate order follows.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: January 26, 2026